# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                              Case No.: 8:18-cr-31-WFJ-SPF

RODRIGO PINEDA-TORRES

_____/

## <u>ORDER</u>

Citing Amendment 821 to the United States Sentencing Guidelines, Rodrigo

Pineda-Torres, USM#: 72803-018, moves (Dkt. 408) unopposed for a reduction in

sentence.  Amendment 821, Part B, amends Section 4C1.1, United States

Sentencing Guidelines, to permit a two-level decrease to a defendant's offense

level if a defendant satisfies the criteria in Section 4C1.1(a), including the absence

of a criminal history point under Chapter 4.

Under 18 U.S.C. § 3582(c)(2), an incarcerated defendant's prison sentence

might warrant a retroactive reduction if the advisory sentencing range on which the

defendant's sentence was based "has subsequently been lowered by the Sentencing

Commission . . . [and] if such a reduction is consistent with applicable policy

statements issued by the Sentencing Commission."  Under 28 U.S.C. § 994(u), if

the Sentencing Commission lowers the advisory sentencing range for a "particular

offense or category of offense," the Sentencing Commission must "specify in what

circumstances and by what amount the sentences of prisoners serving terms of

imprisonment for the offense may be reduced." Section 1B1.10, United States Sentencing Guidelines, expressly permits a retroactive reduction for an incarcerated defendant to whom Amendment 821 applies, but any reduction cannot decrease a sentence below the time that the defendant "has already served."

Accordingly, because Amendment 821 lowers the advisory sentencing range for a defendant without, among other things, a criminal history point, Section 3582, Section 994(u), and Section 1B1.10 permit a reduction in an incarcerated defendant's prison term if at sentencing the defendant had no criminal history points, if the offense of conviction satisfies the criteria in Section 4C1.1(a), and if a reduction is consistent with 18 U.S.C. § 3553(a).

On June 7, 2021, Rodrigo Pineda-Torres was sentenced to 135 months in prison under 21 U.S.C. §§ 959, 963, and 960(b)(1)(B)(ii) and 18 U.S.C. § 3238 for conspiracy to distribute and to possess with intent to distribute five kilograms or more of cocaine knowing, intending, and having reasonable cause to believe that such substances would be unlawfully imported into the U.S. Mr. Pineda-Torres's total offense level was 33. He was assessed no criminal history points, and his criminal history was category I. Mr. Pineda-Torres's advisory sentencing range was 135-168 months, and he received the low end of the guideline range. The sentencing Judge did not depart from the guidelines, nor grant a variance, although defense counsel argued for same. He did not receive the benefit of the safety

valve.  The Bureau of Prisons inmate locator shows that Defendant's projected

release is March 11, 2027.

In accord with the Middle District of Florida's administrative order (Dkt.

115 in 3:21-mc-1-TJC) implementing Amendment 821, the United States

Probation Office must submit a memorandum (1) that states whether a movant is

eligible for a sentence reduction under Amendment 821 and (2) if the movant is

eligible, that proposes a new advisory sentencing range based on the decrease

authorized by Amendment 821.  USPO submits a memorandum reporting that

Rodrigo Pineda-Torres is eligible for a sentence reduction and that a two-level

decrease based on Amendment 821 reduces the offense level to 31 and reduces his

advisory sentencing range to 108-135.

The Federal Defender appears, confirms Mr. Pineda-Torres's eligibility for a

reduction, and moves unopposed to reduce his sentence to 108 months (a 27-month

reduction in sentence), which is at the bottom of the amended guideline range.

Counsel requests consideration of post-sentencing conduct in determining whether

a reduction is warranted.  U.S.S.G. 1B1.10, comment. (n.1(B)(iii)).  Counsel

argues Defendant has had no disciplinary violations and has completed 356 hours

of educational programming.  Dkt. 408 at 4.

The Court's discretion is guided by the sentencing factors in 18 U.S.C. §

3553(a) and the Court finds the factors militate against a reduction.  18 U.S.C. §

3553(a)(1) requires the sentence to reflect the nature and circumstances of the offense.  Defendant Pineda-Torres was part of a large transnational criminal organization that dispatched self-propelled semi-submersible (SPSS) vessels from Colombia into the Pacific Ocean destined for drug cartel members in Mexico.  Dkt. 141 (written plea) at 17–20; Dkt. 184 (sentencing memo.) at 2–3; Dkt. 219 (sentencing transcript) at 12–15.

The Colombian National Police arrested Defendant and seized the SPSS in the jungles of Colombia.  Dkt. 184 at 2–3.  While this particular SPSS had yet not been loaded with cocaine, 480 kilograms are attributable to Defendant.  *Id*. Defendant's brother (Fernando Pineda-Jimenez) was the main organizer of many events in which Defendant did not take part.  *Id*.  Nonetheless, intercepted communications between the two reveal that Defendant helped with a developing engine issue in the construction of this particular SPSS.  *Id*.  Defendant gave advice on how to fix the engine.  *Id*.  The two also later discussed installing the fixed engine as well as the hiring and recruitment of crewmembers.

Defendant admitted that he assisted in the vast conspiracy to smuggle cocaine illegally into the U.S. by way of SPSS vessels.  *Id*.  Although only 480 kilograms are attributable to Defendant, the many trips of SPSS vessels at the direction of this smuggling conspiracy resulted in seizures of over 18,290 kilograms of cocaine.  Dkt. 219 at 8.  Defendant received the just and proper

4

sentence in this case.  Any further reduction would not properly "reflect the seriousness of the offense" or "promote respect for the law."  *See id.* at (2)(A). The sentences courts impose (and the sentences courts reduce) have an effect upon deterrence (see *id.* at (2)(B)) and deterrence would be impaired by this proposed reduction.  While the Court weighs his lack of disciplinary violations in prison, the factors just discussed count against any further reduction.  Lastly, Defendant is subject to an immigration detainer and will most likely be deported to Colombia.

Mr. Rodrigo Pineda-Torres's motion (Dkt. 408) for a reduction in sentence is **DENIED**.  His sentence remains unchanged.

**DONE AND ORDERED** at Tampa, Florida on September 29, 2025.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE